IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT E. EMMERT

      Plaintiff         :   CIVIL ACTION NO. 1:CV-00-1200

                                      (Judge Rambo)

v.

TRIBUNE BROADCASTING COMPANY,
d/b/a/ TRIBUNE TELEVISION CO.,
d/b/a WMPT-TV

      Defendant

## CLERK'S TAXATION OF COSTS

March 18, 2002

    Pending for taxation are two bills of costs, one filed by the plaintiff Robert E. Remmert, the other filed by the defendant Tribune Broadcasting Company. Both parties have filed objections. As the plaintiff has prevailed in this case for purposes of taxation, his bill of costs will be granted in the amount of $4,404.68. The defendant's bill of costs will be denied.

    Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P 54(d)(1). The general qualifications for prevailing party status are summarized in Holmes v. Millcreek Township School

1

District, 205 F.3d 583, 593 (3d Cir. 2000).[1]  In Holmes, the Court of Appeals for the Third Circuit stated that a party is prevailing for the purpose of awarding costs if: (1) it obtains relief on a significant claim in the litigation; (2) the relief obtained resulted in a material alteration of the legal relationship between the parties; and (3) the nature of the alteration is not merely technical or *de minimis*.[2]  Id.

The plaintiff enjoys prevailing party status under the rules articulated in Holmes.  Remmert obtained relief on a significant claim in the litigation when the court, after a non-jury trial, awarded him $17,480.51 on a breach of contract claim.  While the damages obtained were considerably less than the plaintiff attempted to recover, his "fundamental objective" in this litigation has been achieved.  See Hastert v. Illinois State Board of Election Commissioners, 28 F.3d 1430, 1440 (7th Cir. 1993).  The judgment is a valuable benefit that has materially altered the legal

---

1. While Holmes involved an issue over costs and attorneys' fees under the Education of the Handicapped Act's fee-shifting provisions, the same prevailing party standards apply in an action for costs under Federal Rule of Civil Procedure 54(d). See Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3d Cir. 1985).

2. There is a subtle but important difference between a technical alteration of the relationship between the parties - which defeats prevailing party status - and a technical award of damages, "which does not affect the prevailing party inquiry, [but] does bear on the propriety of fees awarded." Farrar v. Hobby, 506 U.S. 103, 113 (1992).

relationship between the parties in a way that is neither technical nor *de minimis*. See Manildra Milling Corporation v. Ogilvie Mills, Inc., 76 F.3d 1178, 1183 (Fed.Cir. 1996). Though the defendant urges a contrary conclusion, it is clearly the plaintiff who is the prevailing party for taxation purposes.

As the prevailing party, Remmert must establish "that the particular costs for which reimbursement is claimed are authorized by statute." Green Construction Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D.Kan. 1994); see Friedman v. Ganassi, 853 F.2d 207, 209 (3d Cir. 1988), cert. denied, 488 U.S. 1042 (1989) ("'as of course' standard has never been applied in our jurisprudence to anything other than the narrow category of taxable costs."). As the party opposing taxation, Tribune Broadcasting must prove that any properly verified claims are "incorrectly stated, unnecessary or unreasonable." LR 54.4(10).

The plaintiff may be reimbursed for six, narrow categories of taxable costs specified in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> 
> (2) Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case;
> 
> (3) Fees and disbursements for printing and witnesses;

3

> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Fees and disbursements for witnesses taxed under § 1920(e) are controlled by 28 U.S.C. § 1821.

The defendant objects to a claim for reimbursement in the amount of $3,926.55 for fees of the court reporter, alleging that most of the costs are related to depositions which had no bearing on the claim plaintiff prosecuted successfully. Whether these costs should be taxed turns on a question the defendant has not addressed, i.e., whether the depositions seemed reasonably necessary at the time they were taken. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2676 at 424 (1998); see Cofield v. Crumpler, 179 F.R.D. 510, 517 (E.D.Va. 1998) (expenses for discovery depositions are perfectly allowable if necessary to the case). As there is no suggestion from the defendant that the depositions did not appear necessary when taken, costs for fees of the court reporter will be taxed in full.

The defendant presents a valid objection to taxation of

4

$800.00 for the one-day testimony of an expert psychiatric witness. Reimbursement under Rule 54(b) for expert witness fees is foreclosed by Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). In Crawford Fitting, the Supreme Court squarely addressed -- and answered in the negative -- the question whether expert fees may be taxed in excess of the ordinary witness fee authorized by § 1821. The Court ruled that there is no power when taxing costs "to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections". Id. at 445. Therefore, the claim for $800.00 in expert fees will be reduced to $40.00, which is the maximum daily fee permitted by law.

The defendant also properly objects to the plaintiff's request for copy fees totaling $531.00. These expenditures are not described in any detail whatsoever. Accordingly, it is not possible to conclude that the charges are taxable as general matter or necessary to this case in particular. See Corsair Asset Management Inc. v. Moskovitz, 142 F.R.D. 347, 352 (N.D.Ga. 1992).

There are no compelling objections to taxation of the remaining items.[3]

---

3. Several tenuous objections will not be addressed at length: failure to provide the certification required by 28 U.S.C. § 1924 (certification is on the signed cover sheet); witness fees should not be awarded for witnesses who addressed only unsuccessful claims (meritless); copy fees should not be awarded for medical records related to unsuccessful claim (meritless).

5

**THEREFORE, IT IS ORDERED THAT:**

1. The bill of costs filed by the plaintiff is granted in part and denied in part;
2. Cost shall be taxed in favor of the plaintiff and against the defendant in the amount of $4,404.68;
3. The bill of costs filed by the defendant is denied.

Federal Rule of Civil Procedure Rule 54(d)(1) and LR 54.3 provide that any party may appeal this decision to the court within five days after notice of taxation. Written specifications of the items objected to and the grounds of objections must be filed with the court and served on opposing counsel or opposing parties within five days. LR 54.3.

*Mary E. D'Andrea*
MARY E. D'ANDREA, Clerk

cc: All parties/counsel

AO 72A
(Rev. 8/82)